## STATE EXCHANGE BANK OF NEW BOSTON et al. v. SIMMS et al.   (No. 2974.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 28, 1924. Rehearing Denied Dec. 18, 1924.)

1. **Banks and banking** ⟚101—Bank cannot ratify contract of cashier which bank without power to make.

A bank cannot ratify and thereby validate a contract on its behalf made by its cashier which the bank, under Rev. St. arts. 383, 530, and 1165, was without power to make.

2. **Principal and agent** ⟚163(3)—Agent cannot ratify unauthorized act so as to make principal liable.

An agent cannot ratify an unauthorized act performed by himself, so as to make his principal liable thereon.

3. **Banks and banking** ⟚118—Evidence of acts and conduct of cashier accepting deed and assuming payment of notes inadmissible on issue of ratification unless bank had knowledge of facts.

Where it was alleged that cashier of bank, acting as its trustee, took deed to land and agreed that bank would assume payment of vendor's lien notes, testimony as to subsequent acts and conduct of cashier is without probative force on issue of ratification, unless they occurred at time when bank knew that vendor had made deed to cashier as trustee for consideration stated in instrument.

4. **Banks and banking** ⟚118—Evidence held not to show that bank ratified unauthorized act of cashier in accepting deed and assuming payment of notes.

Evidence *held* not to show that bank ratified unauthorized act of cashier, in accepting deed to him as trustee for bank and agreeing that bank would assume payment of vendor's lien notes.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by A. L. Simms and others against the State Exchange Bank of New Boston, J. E. Thompson, and others. From judgment for plaintiffs, named defendants appeal. Reversed and rendered in part.

By a deed dated February 13, 1918, appellees A. L. Simms and J. H. Simms conveyed 85 acres of the H. G. Williams survey in Bowie county to C. E. Oglesby and J. T. Oglesby, in consideration of the execution and delivery to them by the Oglesbys of nine promissory notes for $100, interest, and attorney's fees, each, and one promissory note for $120, interest, and attorney's fees. The notes were payable to said A. L. and J. H. Simms, and the payment thereof was secured by a vendor's lien retained on the land. One of the notes matured January 1, 1919, and was paid. By a deed dated November 7, 1919, the Oglesbys conveyed the land to appellee O. H. Proctor; the consideration being $1,000 paid to them by Proctor and the assumption by him of the payment of the nine notes made by the Oglesbys to A. L. and J. H. Simms, then unpaid. By a deed dated February 3, 1923, Proctor undertook to convey the land to appellant J. E. Thompson as trustee for the appellant bank; the consideration being (as recited in the instrument) $1 paid by Thompson and his assumption as trustee for the bank of the payment of said nine notes, then still unpaid. This suit was by said A. L. and J. H. Simms against the Oglesbys as the makers of the notes, and against Proctor, Thompson, and the bank as parties who had assumed the payment thereof. It was to recover the amount of the nine notes and to foreclose the vendor's lien retained to secure the payment thereof. In their answer Thompson and the bank disclaimed any claim of title to or interest in the land, denied that they ever assumed the payment of the indebtedness evidenced by the notes, and charged that if they did assume the payment thereof such assumption by them was wholly without consideration. They alleged, further, that the deed from Proctor to Thompson as trustee was never delivered to the bank, and that if it was delivered to Thompson the bank was not thereby bound, because he was without authority to accept same for it and was without authority to agree for it to assume payment of the notes.

The trial was to the court without a jury. He found as facts that Proctor was indebted to the bank at the time he executed the deed to Thompson as its trustee; that Proctor delivered the deed to Thompson as such trustee, and that Thompson accepted same on behalf of the bank; that thereafter Thompson, acting for the bank, "went into possession of the land under the deed and collected rents for the year 1923"; that Thompson "had never been given authority by the

board of directors of the bank to buy land or to pledge the assets of the bank, or to incur its liability for the purchase of lands, nor to assume the payment of debts on land; and that no authority was given him by said board to accept the deed from Proctor or to assume the payment of the notes aforesaid," but that "Thompson as cashier and agent for said bank did have the power and authority to take possession of said land and collect rents and revenues thereof." The court concluded that, while Thompson "was without authority to accept the deed from Proctor and to assume for the bank the payment of the notes," the bank was not entitled to assert the fact, because it was in the attitude of having ratified Thompson's act on its behalf. The judgment was in favor of said A. L. and J. H. Simms against the Oglesbys, Proctor, and the bank for the amount of the notes, and against said parties and Thompson as trustee for a foreclosure of the vendor's lien retained on the land; and in Proctor's favor over against the bank for any sum he might pay on the judgment. The appeal is by the bank and Thompson as trustee.

Elmer L. Lincoln, of Texarkana, for appellants.

Sid Crumpton, of Texarkana, and Johnson & Waters, of New Boston, for appellees.

WILLSON, C. J. (after stating the facts as above). [1-4] We think the testimony warranted the finding that Proctor's deed to Thompson as trustee for the bank was delivered to and accepted by Thompson, who assumed to act as such trustee, but agree with the trial court that it appeared that Thompson was not authorized as the bank's cashier or otherwise to act for it in accepting said deed and in agreeing it should assume the payment of the notes sued upon. It follows that we think the judgment is wrong, so far as it is against the bank, unless it appeared, as the trial court determined it did, that it (the bank) was in the attitude of having ratified the conduct of Thompson specified on its behalf. It seems that the conclusion of the trial court that the bank had ratified such conduct was based entirely on his finding that "Thompson, acting for the bank, went into possession of the land under said (Proctor) deed and collected rents for the year 1923." "Thompson had authority," the court said, "to take possession of the land under said deed and to preserve the property for the benefit of said bank; and his act in so doing was the act of the State Exchange Bank."

The bank insists that the contract with Proctor was, not only one Thompson as its cashier was without authority to make, but was one the bank itself was without power to make, and cites articles 383, 530, and 1165, Revised Statutes, as supporting its contention. Of course, if that is true the contract could not be ratified, for the bank could not ratify and thereby validate a contract on its behalf made by its cashier which it was without power to make. Assuming, without determining, that the contention is not tenable, we nevertheless think the judgment is wrong, so far as it was against the bank and Thompson, because we think with appellants that the finding on which it was based (to wit, that Thompson, being authorized as the bank's cashier to do so, took possession of the land and collected rents due thereon) is not supported by testimony. The testimony relevant to the issue, briefly stated, was as follows: The deed from the Oglesbys was to Proctor alone, but as a matter of fact he, O. B. Pirkey, and O. W. Lanier owned the land together as partners. During the time they owned it, the land was rented to one Crews. Before the rent Crews was to pay therefor became due, Proctor conveyed the land to Thompson as trustee for the bank, as is shown in the statement above. When the rent became due, Crews deposited a sum of money representing a part thereof in the New Boston National Bank to the credit of said O. W. Lanier. After this suit was commenced, Thompson, claiming the money as rent he was entitled to, had Lanier to withdraw it from said New Boston National Bank and turn it over to him (Thompson). Thompson testified that when the money was so turned over to him, he deposited it to Lanier's credit in the appellant bank. Thompson testified further:

"As to whether or not I am holding this rent to see how this suit comes out, I considered it good business to look after the rent. As to whether or not I told Mr. Crews to keep the corn, that the matter was in litigation, and I would see him about it after the litigation was over, I told Mr. Crews if Mr. Simms got the land the corn was his, and if he didn't the rent was mine."

White, president of the appellant bank, testified that he never saw the deed from Proctor to Thompson as trustee, but that the matter was reported to the bank's board of directors shortly after the deed was executed; that the deed "was not produced before the board," but that Thompson stated that it was a deed of trust made by Proctor to secure notes he (Proctor), Pirkey, and Lanier owed the appellant bank. Weaver, vice president of the appellant bank, testified that he knew about the deed from Proctor to Thompson as trustee several days after the former left same with the latter. He said he never read the instrument; that Thompson told him it was "a special warranty deed." He said, further, that he "did not know about Mr. Thompson assuming the payment of the notes." He testified, further, that Thompson went to the land and

inspected it, later reporting that he did not think it was worth any more than the notes against it. "After that," he said, "we did not pass any order on it one way or the other—just let the matter stand, and I suppose it has stood that way since. Yes, we kept the deed. * * * We did not at any time instruct Mr. Thompson to return the deed to Mr. Proctor."

Appellee J. H. Simms testified that when he demanded payment of the notes by the appellant bank, on being informed by Proctor that the bank had assumed the payment thereof, Thompson, on behalf of the appellant bank, offered to convey him "the property in settlement" of the indebtedness evidenced by the notes. The bank was in possession of the deed from Proctor to Thompson as trustee at the time of the trial, and then, for the first time, offered to deliver it back to Proctor.

It will be noted that practically all the testimony specified was as to acts and conduct of Thompson. The rule is that an agent cannot "ratify an unauthorized act performed by himself so as to make his principal liable thereon." 31 Cyc. 1251. Therefore the testimony as to the acts and conduct of Thompson, after he took the deed from Proctor and agreed that the bank should assume the payment of the notes, was without probative force, unless they occurred at a time when the directors of the bank knew that Proctor had made the deed to Thompson as its trustee for the consideration stated in the instrument. As we understand it, the testimony referred to did not show that the directors had such knowledge before this suit was commenced. In that view we do not think it should be held that the bank was in the attitude of ratifying the contract Thompson made on its behalf.

In their brief appellees A. L. and J. H. Simms argued that the bank ratified the contract when its board of directors "accepted Proctor's $1,000 note and executed him a release in settlement of the matter, without in any manner offering to repudiate the trade or return the deed, still holding to the subject-matter and fruit of the trade in their attitude of watchful waiting." The release referred to was in writing and was not offered in evidence at the trial. As we understand the record, the court struck out all the testimony he had admitted with reference to the release. Evidently, therefore, he did not consider that testimony in making his findings, and we have not considered it in determining that the finding made the basis of the judgment was not warranted.

The judgment will be reversed so far as it is in favor of said A. L. and J. H. Simms against the bank and Thompson as trustee, and so far as it is in favor of Proctor against the bank, and judgment will be here rendered that said A. L. and J. H. Simms take nothing by their suit so far as it was against the bank and Thompson, and that Proctor take nothing as against the bank. The judgment will not be otherwise disturbed.